No. ——

First Circuit

---

SWINDLER v. T. & P. R. R. CO.

---

(Feb. 12, 1927. Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest—Carriers of Passengers and Goods—Par. 155, 160.

The shipper is charged with knowledge of the existence of the schedules of freight rates and will be held to have contracted with reference to the rates therein fixed even though he may have been otherwise informed of a lower rate by officers or agents of the railroad company.

Appeal from Pointe Coupee parish. Hon. Wm. C. Carruth, District Judge.

Action by J. A. Swindler against Texas & Pacific Railway Company.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Bouanchaud & Kearney, of New Roads, attorneys for plaintiff, appellant.

Albin Provosty, of New Roads, attorney for defendant, appellee.

MOUTON, J. In his reasons for judgment the trial judge says:

"Plaintiff was engaged in the purchasing and selling of Irish potatoes in large quantities, and shipped same from points in Pointe Coupee Parish, La., and from Addis, La., in carload lots, to his vendees at points in Texas.

"Before engaging in this line of business plaintiff inquired of the officials of the Texas & Pacific Railway Company (defendant herein) as to the freight rates that would be charged on shipments over defendant's lines to the points above referred to, and was informed that the tariff or freight rate would be 52 cents per 100 pounds. Plaintiff then inquired whether the same rate would apply to shipments over defendant company's line to Anchorage, and thence over the lines of the N. O. T. & M. Ry. Co., and was informed by said officials that the same rates would apply to such shipments. Plaintiff then made a number of shipments via defendant's line to Anchorage, and thence over the lines of the N. O. T. & M. Ry. Co., and was charged and compelled to pay therefore rates in excess of 52 cents per 100 pounds, which excess over the rate quoted, amounted to the sum of $318.61."

The foregoing statement by the district judge embodies the complaint upon which plaintiff bases this demand. which was dismissed on an exception of no cause of action filed by defendant company.

Plaintiff alleges in his petition that he was misled by the officials of defendant

company by their statements made to him that he would be charged upon his various shipments to different points in Texas, a freight rate of fifty-two cents per one hundred pounds; that he was actually charged freight rates in excess of fifty-two cents per hundred pounds, which had he known before he purchased his potatoes for shipment, he would have based his prices for the potatoes on the actual charges which were paid by him on his shipments, and not on the fifty-two cents per hundred pounds which had been quoted to him as the freight he would have to pay; and by purchasing at lower prices he could have allowed himself a fair margin of profit.

It would seem from the foregoing contention that plaintiff is attempting to recover $318.61 from defendant for profits of which he has been deprived by the incorrect quotation of freight rates by the officials of the defendant company. The demand of the plaintiff is, however, when properly analyzed, grounded on the allegation that he is entitled to the recovery of that amount because it was charged to him in excess of the freight rates which had been quoted to him by the company. This is his real cause of complaint. In an indirect way he takes the position that if he had been informed prior to his purchases of the charges for freight which he had to pay for subsequently, he would have protected himself by purchasing his potatoes at prices lower than he paid for them. He gives that as a reason why he did not buy at more advantageous prices, but what he is asking is for the recovery of $318.61 as being in excess of the freight which had been quoted to him.

It will be observed that the shipments made by plaintiff were interstate and fell under the rates fixed by the Interstate Commerce Commission. It is not alleged by plaintiff nor is it contended by him, that the freight rates which were actually charged were in excess of the rates fixed by the Interstate Commerce Commission. It may be that the officials of the company quoted wrong rates. If that was the case, it was simply a mistake on their part, but this could not affect the right of the company to collect the prescribed rates. This was so held in L. R. & N. Co. v,s. Holly, 127 La. 615, 53 So. 882. In that case, the court quoted the following from 158 U. A. 98:

"Shippers are presumed to know the existence of the schedules and the necessity of complying therewith and will be held to have contracted with reference to the rates fixed by the schedule, regardless of the terms of the contract. The schedule rate is payable, although the contract fixed a lower rate."

It will be seen by the foregoing excerpt, that the shipper is charged with knowledge of the existence of the schedules, and will be held to have contracted with reference to the rates therein fixed. It follows from that rule that plaintiff herein must be held to have so contracted, and can not complain if he had to pay more than he had agreed to, as there is no contention on his part that the charges he paid were in excess of the rates established by the Interstate Commerce Commission. As plaintiff is not entitled to claim for the alleged excess in the charges for freight of which he complains, he can not recover on the theory that had he known what the freight would actually be, he would have bought the potatoes at lower prices so as to have a safe margin for profits.

It is also very doubtful and problematical as to whether he could have made his purchases at prices that would have assured his profits to the amount claimed. In addition, we may say, that a claim founded on such a contention, as was held by the trial judge is too remote, inconsequential and speculative to constitute a legal cause of action.